IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN THE MATTER OF:<br>LEGACY CORPORATION OF ILLINOIS, OWNER<br>OF THE MV BOONE, FOR THE EXONERATION<br>FROM OR LIMITATION OF LIABILITY | |
| Plaintiff-Petitioner, | CASE NO. 21-cv-176-JPG |
| and | IN ADMIRALTY |
| AMERICAN COMMERCIAL BARGE LINE, LLC, | |
| Claimant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of putative claimant American Commercial Barge Linc LLC ("ACBL") for leave to file a claim and answer and/or to set aside the entry of default against it (Doc. 22). Plaintiff-petitioner Legacy Corporation of Illinois ("Legacy") has responded to the motion (Doc. 31). Legacy, owner of the *M/V Boone* ("Vessel"), brought this action seeking exoneration or limitation of liability in claims connected to the sinking and salvage of the Vessel. Legacy identified ACBL as a potential claimant and mailed it notification of the claim filing deadline of June 18, 2021, as well as other relevant documents. Legacy also published notice to the general public in a newspaper. No potential claimant filed a claim by the deadline, so Legacy requested entry of default against all potential claimants, and the Clerk of Court granted that request on June 29, 2021 (Doc. 18).

In the pending motion, ACBL recounts that Legacy did, indeed, attempt to mail it notice, but that due to a penmanship interpretation error by the Post Office, ACBL never received the notice. It first became aware of its failure to receive the notice when it received notice of the entry of default sent by the Court on July 6, 2021. Thereafter, it promptly investigated the failure

to receive Legacy's notice and discovered the mailing error. It filed the pending motion on July 26, 2021. There, ACBL asks the Court to set aside the entry of default against it so it can file a claim against Legacy for $12,585.01 stemming from damage caused when a vessel owned by ABCL struck the submerged Vessel.

Legacy contends that, even if ACBL did not receive the notice sent directly to it, service by publication was sufficient to alert ACBL to this proceeding and the opportunity to file a claim. Legacy also contends that ACBL took an undue amount of time once it learned of the default to ask the Court to vacate it. Finally, Legacy denies ACBL has any viable claim against the Vessel. Alternatively, if the Court grants ACBL's motion, Legacy asks the Court to limit ACBL's claim to the amount stated in its motion: $12,585.01.

The decision to set aside entry of default is governed by Federal Rule of Civil Procedure 55(e). Rule 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993).

ACBL has made an adequate showing. Not receiving direct notice of the claim filing deadline due to a third-party's error provides good cause for the lack of timeliness. Once it learned that default had been entered against it, ACBL acted promptly to investigate the notice error and to correct the situation by filing the pending motion. Further, it does not appear that the claim ACBL wishes to assert is frivolous or plainly without merit. Accordingly, the Court will vacate the entry of default against ACBL.

In addition, the Court will allow ACBL to file a late claim. Supplemental Rule for

Admiralty and Maritime Claims F(4) allows the Court to enlarge the time for filing "[f]or cause shown."  As discussed above, in light of the third-party's error that prevented ACBL from receiving timely direct notice of the claim deadline, good cause exists for briefly extending ACBL's deadline.  The Court declines to limit the amount of the claim as a matter of law to the amount specified in ACBL's motion, although it will consider that motion as evidence of the amount of the claim.

For the foregoing reasons, the Court:

- **GRANTS** ACBL's motion in its entirety (Doc. 22);

- **VACATES** the Clerk's Entry of Default (Doc. 18);

- **DIRECTS** the Clerk to enter default against "all possible claimants in this matter, known or unknown, except American Commercial Barge Linc LLC";

- **ORDERS** that ACBL shall have seven days from entry of this order to file a claim and answer; and

- **DENIES without prejudice** Legacy's motion for default judgment (Doc. 19).

**IT IS SO ORDERED.**
Dated**:  August 10, 2021.**

s/ J. Phil Gilbert
**J. PHIL GILBERT
U.S. DISTRICT JUDGE**
